## E. C. PERKINS

*v.*

## GEORGE W. WEBB.

*Opinion filed November 1, 1897—Rehearing denied December 9, 1897.*

1. JUDICIAL SALES—*duty of purchaser of shares of stock at execution sale.* One purchasing shares of stock in a corporation at an execution sale must pay the amount of his bid before he is entitled to have the execution returned or an attested copy of the execution and its return left with the officer of the corporation having charge of the records, as provided by section 56 of the act on judgments, decrees and executions. (Rev. Stat. 1874, p. 628.)

2. SAME—*purchaser at execution sale liable for the amount of his bid.* A purchaser of shares of stock in a corporation sold by a constable under execution is liable to the constable for the amount bid, and the fact that the execution is not returned nor an attested copy of the execution and return left with the proper officer of the corporation within fifteen days after sale will not defeat a recovery.

*Perkins v. Webb*, 67 Ill. App. 474, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Logan county; the Hon. CYRUS EPLER, Judge, presiding.

W. R. BALDWIN, for appellant:

At common law, shares of stock in a corporation are not subject to seizure and sale on execution, and the statute giving the right is mandatory and must be strictly pursued. *Ticomb* v. *Insurance Co.* 8 Mass. 334; *Howe* v. *Starkweather*, 17 id. 240; *Benson* v. *Smith*, 42 Me. 415; *James* v. *Railroad Co.* 8 Mich. 91.

It is like the service of a summons—the statutory requirement must be followed. *Mack* v. *Brown*, 73 Ill. 295.

When there is no uncertainty or ambiguity in the statute the courts cannot disregard its plain language. It is their duty to enforce it as it is plainly written. *Ottawa Gas Light Co.* v. *Denny*, 127 Ill. 201.

S. L. WALLACE, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court of Logan county, wherein George W. Webb was plaintiff and E. C. Perkins defendant. The facts, as they appear from the record, may be briefly stated, as follows:

The Louisville Varnish Company of Louisville, Ky., and C. H. Gurney & Co., of Chicago, sent to appellant, as an attorney, four different claims for collection against Solomon A. Schneider, Frederick M. Schreiber and Albert Seilaff, who were stockholders in the Lincoln Furniture Company. Three of these claims were sued before J. T. Rudolph, justice of the peace, and judgments rendered for the several amounts against said defendants. Appellant issued a summons in the other claim, he being a justice of the peace, and judgment was rendered against the defendants. On May 11, 1894, executions were issued upon each of these judgments and placed in the hands of George W. Webb, constable of Logan county. As such constable Webb levied upon fifty-five shares of stock in the Lincoln Furniture Company belonging to Solomon A. Schneider and fifty-six shares of stock belonging to Frederick M. Schreiber, as provided in section 53, chapter 77, of Hurd's Statutes. The secretary of the Lincoln Furniture Company gave to the constable the certificate of the number of shares the execution debtors held in the corporation, as provided in section 55, chapter 77, and the constable advertised the property for sale on the 28th day of May, 1894, as provided by law. On the day of sale the constable offered the stock, consisting of one hundred and eleven shares, for sale at public vendue, and appellant bid off the stock at the sum of $284. Upon his bid he paid the constable the sum of $25, which was applied towards paying costs of suit. He refused to pay any more money on his bid, and the constable brought this suit to recover the balance of appellant's bid, being $259.

It appears that the constable, Webb, after making the sale of the stock on the 28th day of May, 1894, did not return the executions to the justice until the 15th day of June, and it is contended, as no attested copy of the executions and return thereon was left with the secretary of the corporation within fifteen days from the date of sale, the sale was void and no recovery could be had on behalf of the constable of the purchase money. Section 52 of chapter 77 of Hurd's Statutes provides that the shares or interest of stockholders in any corporation may be taken on execution and sold. Section 53 of the statute provides that the officer shall leave an attested copy of the execution with the clerk, treasurer or cashier of the company, and the property shall be considered as seized on execution when the copy is so left, and shall be sold in like manner as goods and chattels. Section 55 provides that "the officer of the company who keeps a record or account of the shares or interest of the stockholders therein, shall, upon the exhibiting to him of the execution, be bound to give a certificate of the number of shares or amount of the interest held by the judgment debtor." Section 56 provides: "An attested copy of the execution, and of the return thereon, shall, within fifteen days after the sale, be left with the officer of the company whose duty it is to record transfers of shares, and the purchaser shall thereupon be entitled to a certificate or certificates of the shares bought by him, upon paying the fees therefor and for recording the transfer." Here the levy and sale of the stock were made in the mode required by the statute, but the executions were not returned to the justice within fifteen days after the sale, nor was an attested copy of the executions, and of the return thereon, left with the officer of the company. But we do not think that fact can defeat a recovery by the constable of the amount appellant bid at the sale for the stock. When the appellant purchased the stock at the sale it was his duty to pay at once the amount which

he bid for the stock. Had he done this, then the constable could have made a return of the executions, and appellant could, within the fifteen days prescribed, have procured an attested copy of the executions and return and filed the same with the officer of the company and received a transfer of the shares of stock. The fact that the executions were not returned and an attested copy of the executions and return obtained and presented to the officer of the company arose from the failure of appellant to discharge a duty that the law cast upon him, and he is now attempting to take advantage of his own wrong. This he cannot do. The constable was not bound to return the executions until the bid was paid. It was the duty of the purchaser, under the statute, to first pay the bid, and when that was done he might rightfully require the constable to furnish him with an attested copy of the executions and return thereon, and upon presenting them to the corporation he would be entitled to a certificate of stock of the shares he purchased. Had appellant paid the bid when the sale was made it would have been the duty of the constable to return the executions so that an attested copy of the executions and return could be presented to the officer of the corporation within fifteen days from the sale, and had the constable failed or neglected to make return within the time required, he and his sureties would be liable for such damages as the purchaser might sustain by the neglect of the constable. But here the constable was not in fault. The whole trouble arose from the failure of the appellant to discharge his duty.

We perceive no error in the ruling of the court on instructions. Indeed, the entire record, so far as we are able to discover, is free from error. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*